

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2002

# Total Containment v. Dayco Prod Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Total Containment v. Dayco Prod Inc" (2002). *2002 Decisions.* Paper 538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4019
_____


TOTAL CONTAINMENT, INC.

Appellant,

v.

DAYCO PRODUCTS, INC.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 97-cv-06013)
District Judge:  The Honorable Berle M. Schiller

_____


Submitted Under Third Circuit LAR 34.1(a)
July 23, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.
(Filed: August 27, 2002)

_____


OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.
          Appellant, Total Containment, Inc., appeals from an order of the District
Court that granted final judgment to Total Containment, Inc., on a jury verdict in its favor.
The District Court, however, following the verdict, granted Appellee's Rule 59 motion to
remit a portion of the damages awarded, reducing TCI's award from $23 million to
$1.325 million.  Appellant alleges as error the issues listed in paragraph I.  Because we
conclude that the District Court did not err, we will affirm.
                              I.
          The allegations of error asserted by appellant are as follows:
     1.   Did the District Court err in denying Total Containment's motion for
          judgment as a matter of law on its breach of warranty claim and
          Dayco's statute of limitations defense?
     2.   In the alternative, did the District Court err in restricting Total
          Containment to a partial new trial, upon TCI's rejection of a
          remittitur?
     3.   Did the District Court err in:
          a)        permitting Dayco to question witnesses about
                    documents without laying a proper foundation;
          b)        admitting expert witness testimony, which was outside

of the scope of the expert report and which did not rely on generally accepted scientific methodology; and

    c)    precluding Total Containment from seeking certain consequential damages on its breach of pricing claim?

## II.

The facts and procedural history of this case are well known to the parties and the court, and it is not necessary that we restate them here. The reasons why we write an opinion of the court are threefold: to instruct the District Court, to educate and inform the attorneys and parties, and to explain our decision. None of these reasons are presented here. We use a not-precedential opinion in cases such as this, in which a precedential opinion is rendered unnecessary because the opinion has no institutional or precedential value. See United States Court of Appeals for the Third Circuit, Internal Operating Procedure (I.O.P.) 5.3. In this case, we have concluded that neither a full memorandum explanation nor a precedential opinion is indicated because of the very extensive and thorough opinion entered by Judge Schiller on May 3, 2001. Judge Schiller's opinion adequately explains and fully supports his orders on each of the issues raised before him and now raised on appeal, and refutes the appellant's allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the District Court, why we will affirm. It is a sufficient explanation to say that, essentially for the reasons given by the District Court in its opinion dated the 3rd day of May, 2001, we will affirm.

## III.

In sum, for the foregoing reasons, we will affirm the various orders preceding and culminating in the final judgment of the District Court dated the 2nd day of October, 2001.

_____

TO THE CLERK:

Please file the foregoing opinion.


           /s/Richard L. Nygaard
           Circuit Judg